■ CARRIE MILLER, Appellant, v NABIL KASSATLY, Defendant, and BERGER & ACKMAN, Respondent. [628 NYS2d 687] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about July 12, 1994, and judgment of the same court and Justice entered pursuant thereto on September 27, 1994, which, *inter alia*, granted the cross-motion by the law firm of Berger & Ackman ("B&A"), former attorneys for plaintiff, for a money judgment over and against plaintiff in the amount of $29,831.66, together with interest thereon, for attorneys' fees owed by plaintiff to B&A based upon a "so ordered stipulation", dated July 7, 1993, unanimously affirmed, without costs.

The IAS Court properly directed entry of a money judgment in favor of plaintiff's former counsel, respondent B&A, and against the plaintiff, without necessity of a separate plenary action, for attorneys' fees owed in connection with B&A's representation of the plaintiff in the underlying matrimonial action, because the plaintiff, while represented by counsel, consented to the amount of the attorneys' lien at issue in a written stipulation so ordered by the court (*see, Hallock v State of New York*, 64 NY2d 224, 230). Thus, the parties therefore waived any challenge on appeal to the court's authority to enforce the attorney compensation award specifically agreed to by the parties by so ordered stipulation as a money judgment (*Kalra v Kalra*, 170 AD2d 579, 580, *lv dismissed* 78 NY2d 1070).

Nor is plaintiff's former counsel, B&A, relegated solely to the commencement of a plenary action to fix and enforce the

attorneys' lien consented to by written stipulation of the parties since Judiciary Law § 475, which establishes a statutory attorneys' lien, permits enforcement of the lien either by way of motion in the main action or by plenary action. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.