■ RICCI RONDINELLI, Plaintiff, v TETSUTO YABUKI et al., Defendants, DAVID B. JACOBS, Appellant, and MARCUS, OLLMAN & KOMMER, Respondent. [637 NYS2d 775] —In an action to recover damages for personal injuries, David B. Jacobs, the former attorney for the plaintiff, appeals, on the grounds of inadequacy, from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 17, 1994, which set his legal fees prior to the disbursement of settlement funds.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that Judiciary Law § 475 grants him the right to recover the value of the legal services provided to the plaintiff in this action to recover damages for personal injuries, and that an evidentiary hearing should have been held to provide the court with a proper basis for determining the value of his contributions to the ultimate resolution of the action. However, we find that the Supreme Court's grant of quantum meruit recovery to the appellant, a suspended attorney *(see,* 22 NYCRR 691.10 [b]), without a formal evidentiary hearing but after oral argument was proper, since the plaintiff's current attorney and the appellant each had the opportunity to submit the documentation critical to their contentions and the Trial Justice had ample time to examine the documents submitted and consider all of the arguments advanced *(see, Ziprkowski v Goodman,* 193 AD2d 389; *Major v Leary,* 241 App Div 606, 607).

We have examined the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.