■ PATRICK WINTERS, Respondent, v RISE STEEL ERECTION CORP., et al., Defendants. JACOBY & MEYERS, Nonparty Appellant. [647 NYS2d 962] —In an action to recover damages for personal injuries, the attorney for the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered August 2, 1995, which denied its motion for leave to withdraw as the plaintiff's attorney.

Ordered that the order is reversed, as an exercise of discretion, without costs or disbursements, and the motion is granted; and it is further,

Ordered that within 30 days of service upon it of a copy of this decision and order with notice of entry, the appellant shall (1) personally serve the plaintiff with a copy of this decision and order, with notice of entry, by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which should constitute notice to appoint another attorney pursuant to CPLR 321 (c), and (2) serve a copy of this decision and order, with notice of entry, by ordinary mail, with proof of mailing, upon the attorneys for the defendants. Upon the filing of proof of such service with the Clerk of the Supreme Court, Nassau County, the appellant shall be relieved as counsel for the plaintiff; and it is further,

Ordered that all proceedings in this action are stayed until 90 days after service upon the plaintiff is completed.

An attorney may withdraw from representing a client for good and sufficient cause (see, Code of Professional Responsibility DR2-110 [C] [6] [22 NYCRR 1200.15 (c) (6)]; Heinike Assocs. v Liberty Natl. Bank, 142 AD2d 929). This includes irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in litigation (see, Mullins v Saul, 130 AD2d 634, 636; Sansiviero v Sanders, 117 AD2d

794). Based upon the proof submitted in the Supreme Court, the appellant law firm established that the plaintiff failed to cooperate with it so as to entitle the law firm to be relieved of its representation of the plaintiff. Mangano, P. J., Thompson, Florio, McGinity and Luciano, JJ., concur.