■ In the Matter of the ESTATE OF ROSLYN DRESNER, Deceased, Claimant, v STATE OF NEW YORK, Respondent. FLOWER & MEDALIE, Nonparty Appellant. [662 NYS2d 780] —In a proceeding pursuant to EDPL 304, Flower & Medalie, attorneys for the claimant, appeal from so much of an order of the Court of Claims (Silverman, J.), entered August 20, 1996, as, upon granting that branch of the petition which was to fix its at-

torney's lien at $50,005.50, denied that branch of the petition which was for disbursement of the funds to satisfy the lien from the proceeds of the claimant's condemnation award until Federal and State estate tax liens are satisfied.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted in its entirety, and the respondent is directed to disburse funds to satisfy the attorney's lien from the proceeds of the condemnation award prior to the satisfaction of the tax liens.

It is well established that an attorney has a lien upon a client's cause of action. The lien comes into existence upon commencement of the action or proceeding (*see, LMWT Realty Corp. v Davis Agency,* 85 NY2d 462; Judiciary Law § 475). Indeed, "because a cause of action is a species of property, an attorney acquires a 'vested property interest' in the cause of action at the signing of the retainer agreement and thus a 'title to "property and rights to property" ' " (*LMWT Realty Corp. v Davis Agency, supra,* at 467, quoting *Matter of City of New York [United States—Coblentz],* 5 NY2d 300, 307-308, *cert denied sub nom. United States v Coblentz,* 363 US 841). "Accordingly, the charging lien does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action. The client's property right in his own cause of action is what remains after transfer to the attorney of the agreed-upon share upon the signing of the retainer agreement (*Matter of City of New York, supra*)" (*LMWT Realty Corp. v Davis Agency, supra,* at 467). Although the chronological priority of liens is a factor to be considered in determining priorities, it is not dispositive (*see, LMWT Realty Corp. v Davis Agency, supra*).

On the facts of this case, where "the attorney's services created the fund at issue * * * the attorney's charging lien must be given effect, even though * * * prior lien[s] against the specific fund [exist]" (*LMWT Realty Corp. v Davis Agency, supra,* at 468; *see also, Matter of Herlihy [State Tax Commn.],* 274 App Div 342; *compare, Matter of City of New York [United States—Coblentz],* 11 AD2d 240, *affd* 12 NY2d 1051). O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.