■ NYCTL 1996-1 Trust et al., Respondents, v Bettie J. Weber et al., Defendants, and Marvin Moskowitz, Appellant. [739 NYS2d 607] —In a tax foreclosure action, the defendant Marvin Moskowitz appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated May 30, 2000, as, upon reargument, granted that branch of the plaintiffs' motion which was for summary judgment against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that an attorney's charging lien attaches at the commencement of the action or proceeding (*see LMWT Realty Corp. v Davis Agency,* 85 NY2d 462; *Matter of Dresner v State of New York,* 242 AD2d 627, 628; Judiciary Law § 475). However, pursuant to Administrative Code of City of NY § 11-301, the plaintiffs' tax liens were entitled to priority over the appellant's charging lien, despite the fact that some of the tax liens became due and payable after the charging lien attached (*see also* Real Property Tax Law § 1104 [2]). Furthermore, since the appellant's services did not create the fund upon which the plaintiffs' tax liens attached, equitable principles do not require that the charging lien take precedence (*but see LMWT Realty Corp. v Davis Agency, supra; Matter of Dresner v State of New York, supra* at 628). Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.