■ STEVEN LANSKY, Respondent, v JOLLY J. EASOW, Defendant. JOHN MARSHALL, Nonparty Appellant. [756 NYS2d 885] —In an action to recover damages for personal injuries, John Marshall, the plaintiff's former attorney, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated August 20, 2002, as denied those branches of his motion which were for a retaining lien in the amount of $2,084.75 and a charging lien on the underlying action.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the appellant's motion which were for a retaining lien in the amount of $2,084.75 and a charging lien are granted.

The plaintiff submitted no proof that the appellant was discharged for cause. Thus, the appellant is entitled to reimbursement for his disbursements of $2,084.75 advanced in prosecuting the plaintiff's personal injury action (*see Security Credit Sys. v Perfetto,* 242 AD2d 871 [1997]).

Pursuant to Judiciary Law § 475, an attorney who appears for a party has a lien upon his client's cause of action. Where an attorney's representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien. However, where an attorney withdraws without good cause, his or her lien is automatically forfeited (*see Klein v Eubank,* 87 NY2d 459 [1996]; *Hae Sook Moon v City of New York,* 255 AD2d 292 [1998]). The Supreme Court's conclusion that the appellant withdrew without sufficient cause is not supported by the record. Thus, the appellant maintained his right to enforce his statutory lien on the plaintiff's cause of action. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.