■ In the Matter of ANTHONY P. DeLORENZO, Appellant, v DANIEL S. PERLMAN, Respondent, et al., Respondent. [757 NYS2d 801] —In a proceeding to enforce an attorney's lien pursuant to Judiciary Law § 475, the petitioner appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated June 20, 2002, which awarded him only 1% of the total attorney's fee.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the petitioner 1% of the total attorney's fee, and substituting therefor a provision awarding him 5% of the total attorney's fee collected on the judgment as of the date of the petitioner's application; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the Supreme Court did not err in apportioning the attorney's fee between the peti-

tioner, the former attorney for the respondent Ivy May Johnson, and the respondent Daniel S. Perlman, Johnson's current attorney, without holding a hearing. The evidence submitted by the petitioner and Perlman in support of their respective positions and the Supreme Court's familiarity with the matter from having presided over the underlying case provided a proper basis to render a determination (*see Melendez v Barbulescu,* 228 AD2d 420 [1996]; *Rondinelli v Yabuki,* 224 AD2d 404 [1996]). However, based on the work performed, we conclude that the share awarded to the petitioner should be increased to 5% of the total fee.

Perlman's contention that the petitioner is not entitled to any fee because he was discharged for cause has not been considered since no cross appeal was filed from the order awarding the petitioner a share of the fee (*see Hecht v City of New York,* 60 NY2d 57, 61 [1983]). Altman, J.P., Krausman, Luciano and Rivera, JJ., concur.