■ RSL COM U.S.A., INC., Respondent, v ATLAS COMMUNICATIONS, LTD., Appellant. [766 NYS2d 346] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered August 13, 2002, which, upon the prior grant of plaintiff's motion for summary judgment, awarded plaintiff the principal sum of $2,229,671.43, unanimously affirmed, with costs.

The motion court correctly rejected defendant's argument that its obligations to make payment under the parties' February 2000 settlement agrèement and to pay plaintiff's share of its margin on the resale of certain services were contingent on plaintiff's charging it cost or most favored nation rates for the services it provided defendant, since, under the circumstances, the implication of dependent covenants would have rendered the settlement meaningless (*see Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589 [1996]), and there was no evidence that defendant's margin obligation was subject to such covenants. Summary judgment was also properly awarded for postsettlement charges based on an account stated, defendant having failed to challenge plaintiff's invoices for the subject period and, further, having made partial payments (*see Morrison Cohen Singer & Weinstein v Ackerman*, 280 AD2d 355 [2001]).

The counterclaims were properly dismissed for, among other reasons, those advanced by the court in sustaining the

complaint, and because they were otherwise deficient as a matter of law (*see MTI/The Image Group v Fox Studios E.*, 262 AD2d 20, 23-24 [1999]). The motion court properly concluded that the claimed need for discovery did not provide a basis to forestall summary judgment.

We have considered defendant's other contentions and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.