◼ PAMELA S. FERRAIOLI, by ADELE B. SUSLAK, Her Guardian ad Litem, Appellant, v JOSE E. FERRAIOLI, Defendant. MORRISON COHEN SINGER & WEINSTEIN, LLP, Respondent. [779 NYS2d 72]—

Order and judgment (one paper), Supreme Court, New York County (John E.H. Stackhouse, J.), entered September 10, 2003, which granted plaintiff's former law firm's petition to fix and enforce a charging lien, granted its motion for summary judgment and awarded judgment against plaintiff in the principal amount of $371,938.55, and denied plaintiff's cross motion to dissolve the charging lien or, in the alternative, to fix the amount on a quantum meruit basis at nothing, unanimously affirmed, without costs.

Although plaintiff contends that petitioner law firm was not entitled to enforcement of its charging lien because it was discharged for cause, our review of the record discloses that the law firm was not, in fact, discharged for cause and, indeed, that there was no basis for such a discharge. Accordingly, we perceive no impediment to the lien's enforcement. While the lien attaches only to the proceeds of the client's recovery in the action in which the lienor attorney represented the client, since the amount of the lien may be fixed prior to the outcome (*Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]), it follows that the unfavorable trial result in this case, later overturned by this Court (295 AD2d 268 [2002]), did not preclude the determination of the amount of the lien, or, under the circumstances, its enforcement. The lien was enforceable without a separate plenary action (*see Haser v Haser*, 271 AD2d 253, 254 [2000]). While somewhat irregular procedurally, it was not inappropriate in this case to award a personal judgment against plaintiff in the context of the instant proceeding; although plenary relief is separate and distinct from that sought in a charging lien petition (*see Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 188-189 [2002]), a separate action was not required here because the pleading clearly set forth the additional relief sought and the judgment awarded was not predicated solely on the request for the lien (*cf. Mint Factors v Cedar Tide Corp.*, 133 AD2d 222, 223 [1987]; *Matter of Rosenblum*, 121 AD2d 546, 547 [1986]). The law firm clearly established an account stated. It demonstrated that it rendered bills for the amount claimed, which were partially paid by plaintiff and, in any event, retained without objection for a significant period (*see RSL Com U.S.A. v Atlas Communications*, 309 AD2d 677 [2003]; *Ellenbogen & Goldstein v Brandes*, 226 AD2d 237 [1996], *lv denied* 89 NY2d 806 [1997]). Plaintiff's bare conclusory allegations of oral protests failed to raise an issue of fact (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *M&R Constr. Corp. v IDI Constr. Co., Inc.*, 4 AD3d 130 [2004]).

We have considered plaintiff's other contentions and find them to be unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.