OPINION OF THE COURT
Harold B. Beeler, J.
*373 Plaintiff wife’s former attorney in this matrimonial action, Judd Burstein, Esq., moves by order to show cause to enforce a charging lien of no less than $169,192.66. Plaintiff opposes the relief sought primarily on the ground that Burstein’s efforts on her behalf did not create any new funds in the form of equitable distribution to which a charging lien could attach.
Burstein was hired in August 2005 and immediately commenced the matrimonial action in plaintiffs behalf. His representation terminated on September 6, 2006. During the course of the litigation, Burstein issued bills regularly which totaled $393,192.66 in fees and expenses. Burstein collected $224,000, including $149,000 from plaintiff and her family and $75,000 from defendant in accordance with a prior court order, leaving $169,192.66 unpaid. Within months after plaintiff changed counsel, the parties reached a settlement of the matrimonial action. Burstein and plaintiff have not, however, been able to resolve their fee dispute. The amount in dispute exceeds $50,000 and Burstein does not consent to arbitration pursuant to section 137.1 (b) (2) of the Rules of the Chief Administrator of the Courts (22 NYCRR). Instead, he seeks enforcement of a charging lien, notice of which he had filed pursuant to Judiciary Law § 475, upon plaintiffs distributive award of equitable distribution and an expedited hearing to determine the actual amount of fees due. As a result of a court order dated December 7, 2006, the full amount which Burstein claimed is owing was placed in escrow pending resolution of the motion and further order of the court.
A charging lien is defined by Judiciary Law § 475 as follows:
“From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.”
Charging liens are not barred in matrimonial actions. “Although a charging lien does not attach to an award of alimony *374 and maintenance, [Judiciary Law §] 475 does not preclude the enforcement of such lien upon any other award made in the action.” (Cohen v Cohen, 160 AD2d 571, 572 [1st Dept 1990] [citations omitted].) Charging liens may be enforceable against equitable distribution awards in matrimonial actions. (Haser v Haser, 271 AD2d 253 [1st Dept 2000] [distributive share of a medical license is subject to a charging lien]; see also Freihofner v Freihofner, 8 Misc 3d 1020[A], 2005 NY Slip Op 51210[U] [Sup Ct, Westchester County 2005] [contempt adjudication based upon a violation of stipulation securing a charging lien by party’s equitable distribution].)
A charging lien is available pursuant to Judiciary Law § 475 only where the attorney’s efforts have created proceeds to which the lien may attach. (Matter of Desmond v Socha, 38 AD2d 22 [3d Dept 1971], affd 31 NY2d 687 [1972].) Plaintiff argues that Burstein is not entitled to a charging lien because no funds were obtained due to any of his actions. Specifically, she claims that the moneys the settlement awarded her in equitable distribution represented her one-half interest in a Manhattan cooperative and a vacation home in Amagansett, both of which she jointly owned with her husband. Thus, according to plaintiff, the settlement awarded her equitable distribution equal only to the value of real property that she already had legal title to. Accordingly, she cites Theroux v Theroux (145 AD2d 625, 627-628 [2d Dept 1988]) as being directly on point:
“A charging lien, codified in Judiciary Law § 475, is based upon the equitable doctrine that an attorney should be paid out of the proceeds of the judgment procured by him and the lien exists independent of possession of the file. A charging lien does not attach to an award of alimony and maintenance. Moreover, where the attorney’s services do not create any proceeds, but consist solely of defending a title or interest already held by the client, there is no lien on that title or interest. Here, the equitable distribution settlement merely permitted the plaintiff to retain her one-half interest in the condominium that she held as a tenant by the entirety. Although the nature of the property was converted from realty into dollars, her interest remained the same. Thus, no equitable distribution fund to which a charging lien can attach was created by the efforts of the discharged attorney” (citations omitted).
Plaintiff concludes that Burstein is not entitled to a charging lien on a settlement that merely delivered to her the cash value *375 of real property that was already in her name, and that he should he limited to bringing a plenary action for his fees during which plaintiff will assert that he did not adequately represent her and will dispute the charges claimed.
Theroux permits a charging lien on an equitable distribution award that consists of more than merely a return of property (or its cash value) to a party. A charging lien is thus available to the extent that an equitable distribution award reflects the creation of a new fund by an attorney greater than the value of the interests already held by the client. (Colen v Colen, NYLJ, Oct. 27, 1995, at 31, col 6 [Sup Ct NY County].)
The court finds that the plaintiff has oversimplified the nature of the parties’ settlement. While all the details of the settlement have not been provided to the court, it is known that plaintiff will receive $1.6 million from the sale of real property they owned and $4,000 monthly tax free for 20 years. The latter is a generous but credible amount of spousal maintenance for the 43-year-old plaintiff who has not worked in years and appears to have no marketable skills. The court, therefore, rejects Bur-stein’s contention that the $4,000 monthly spousal maintenance award contains an embedded or disguised equitable distribution element which might otherwise be subject to a charging lien. (See Haser v Haser, 271 AD2d at 255 [labeling an award as “additional child support” in the settlement agreement was a collusive effort to misrepresent plaintiff’s distributive share of defendant’s medical license in order to avoid a charging lien].)
However, the court does not regard the $1.6 million payable to plaintiff in a lump sum as a simple translation of her share of the marital property into cash immune to a charging hen pursuant to Theroux. For example, defendant claimed in an affidavit submitted in connection with earlier motion practice that much of the down payments on the parties’ New York City apartment and Long Island home came from his separate property, entitling him to a credit against any equitable distribution. (See Bartha v Bartha, 15 AD3d 111, 116 [1st Dept 2005] [“To the extent defendant establishes that a portion of the down payment for the Manhattan townhouse was from the funds of his parents which had not been intermingled with marital funds, or from his own separate property, he is entitled to a credit for that contribution”].)
On the other hand, plaintiff claimed her own separate property credit and asserted an interest in the business defendant owned in part and operated with his father appraised by a *376 neutral economic evaluator at $785,000. Plaintiffs claimed separate property credit as well as her share of the value of defendant’s business, title to which was never in her name, counterbalanced in part defendant’s claim for separate property credits. These respective claims seem reasonable and would have affected the extent of the marital assets subject to equitable distribution. Plaintiff does not identify either of these claims as elements in the settlement which she maintains is a simple payout of her real estate holdings. Her interpretation conveniently excludes the basis for a charging lien because her new counsel seemingly found nothing beside existing title in real estate to benefit plaintiff financially in the dissolution of the marriage. Burstein’s calculation that the $1.6 million settlement exceeds plaintiffs share of the actual real estate proceeds by at least $321,875 is reasonable. This amount represents the creation of a new fund by his efforts to which a charging lien can attach.
Accordingly, the court grants Burstein’s motion to enforce a charging lien in the amount of $169,192.66 and refers the matter to a special referee for a hearing to determine the amount of legal fees due.