■ JOHN MOODY, Plaintiff, v SVETLANA SOROKINA, Appellant. RICHARD B. ALDERMAN, Respondent. (Appeal No. 1.) [856 NYS2d 755]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered April 27, 2007. The order granted respondent, the former attorney for defendant, a charging lien against an award of $8,000 representing defendant's equitable share of certain property.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order granting respondent's motion for a charging lien pursuant to Judiciary Law § 475. Respondent represented defendant in the underlying matrimonial action in Supreme Court, resulting in attorney's fees of $117,841.06, and he then withdrew from his representation of defendant. Defendant, appearing pro se, appealed from Supreme Court's order entered in the underlying action, and we modified the order by awarding defendant $8,000 as her equitable share of a 2001 Jeep Grand Cherokee and remitted the matter to Supreme Court to enforce a federal affidavit of support executed by plaintiff (*Moody v Sorokina*, 40 AD3d 14 [2007], *appeal dismissed* 8 NY3d 978, *reconsideration denied* 9 NY3d 887 [2007]). We conclude that Supreme Court properly granted respondent's motion for a charging lien against the award of $8,000 in our prior order.

"A charging lien is . . . available to the extent that an equitable distribution award reflects the creation of a new fund by an attorney greater than the value of the interests already held by the client" (*Zelman v Zelman*, 15 Misc 3d 372, 375 [2007]). The title to the Jeep was in plaintiff's name, and defendant's interest in the value of the vehicle was not determined until this Court awarded defendant $8,000 as her equitable share in the vehicle (*see* Domestic Relations Law § 236 [B] [5] [a]). Thus, that award represents proceeds created by respondent's efforts in the matrimonial action rather than the value of an interest "already held by [defendant]" (*Zelman*, 15 Misc 3d at 375; *cf. Matter of Desmond v Socha*, 38 AD2d 22, 24 [1971], *affd* 31 NY2d 687 [1972]; *Theroux v Theroux*, 145 AD2d 625, 628 [1988]).

We further conclude that respondent's withdrawal from representation before the issuance of our order awarding defendant $8,000 as her equitable share in the vehicle does not deprive respondent of his right to enforce the charging lien (*see Klein v Eubank*, 87 NY2d 459, 462 [1996], *rearg denied* 87 NY2d 1056 [1996]; *see also Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993], *after remand* 224 AD2d 418 [1996], *lv denied* 88 NY2d 811 [1996]; *Ferraioli v Ferraioli*, 8 AD3d 163, 164 [2004], *lv denied* 3 NY3d 608 [2004]; *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]). "[A]n attorney need not be counsel of record at the time the judgment or settlement fund is created in order to be entitled to the lien afforded by Judiciary Law § 475" (*Klein*, 87 NY2d at 462). In addition, the fact that defendant and respondent have agreed to arbitrate the amount of total fees owed to respondent does not preclude enforcement of the charging lien inasmuch as the remedies

available to respondent to recover the value of his legal services are cumulative rather than exclusive (*see e.g. Butler, Fitzgerald & Potter*, 235 AD2d at 218-219). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.