■ Antonio A. Memmo, Appellant, v Elsa I. Perez, Defendant and Mayerson Stutman Abramowitz Royer LLP, Respondent. [882 NYS2d 24]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 20, 2009, which, in an action for divorce, inter alia, directed plaintiff to satisfy the charging lien of his former attorneys Mayerson Stutman Abramowitz Royer LLP (MSAR) "from the retirement accounts retained by or transferred to Plaintiff" pursuant to the settlement in the divorce action, unanimously modified, on the law, to delete the words "retained by or," and otherwise affirmed, without costs. Appeal from paper, denominated decision and order, which granted MSAR's motion seeking, inter alia, the above relief and directed settlement of an order, unanimously dismissed, without costs.

MSAR's charging lien came about not by virtue of Judiciary Law § 475, but rather a stipulation, so ordered by the court, in which plaintiff agreed that MSAR "shall have a charging lien against plaintiff and plaintiff's share of equitable distribution, if any, in the amount of $70,000." Accordingly, plaintiff will not be heard to argue that because MSAR's efforts did not create a "new fund" greater than the value of interests already held by plaintiff, MSAR does not have a valid charging lien (*see Miller v Kassatly*, 216 AD2d 260 [1995]; *Resnick v Resnick*, 24 AD3d 238 [2005]). Nor is the stipulation rendered unenforceable by CPLR 5205 (c) (2), exempting personal retirement accounts from application to the satisfaction of money judgments. First, the

transfer of assets from defendant's IRA account to plaintiff's IRA account pursuant to the settlement in the divorce action admittedly took place within 90 days of plaintiff's stipulation to MSAR's lien (CPLR 5205 [c] [5] [i]). Second, because the matrimonial settlement agreement left plaintiff with no immediate liquid assets to which MSAR's lien could attach, the court providently exercised its discretion to look behind that settlement to determine if plaintiff had used all liquid assets to which he had a claim to defray obligations other than the lien (*see Haser v Haser*, 271 AD2d 253 [2000]). However, the directive that payment be made out of funds "retained by" plaintiff in retirement accounts is incorrect, since any funds originally held by plaintiff in his name would be exempt from judgment under CPLR 5205 (c) (2). In accordance with CPLR 5205 (c) (5) (i), only the funds transferred into plaintiff's IRA account from defendant's IRA account may be used to satisfy MSAR's lien. We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse and Freedman, JJ.