■ BAYERISCHE HYPO-UND VEREINSBANK AG et al., Respondents, v DOMENICK DEGIORGIO, Appellant. [902 NYS2d 85]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 28, 2009, which, in an action for conversion against plaintiffs' former employee, granted plaintiffs' motion for an attachment of defendant's rollover IRA account with a nonparty IRA custodian, unanimously reversed, on the law, without costs, the motion denied, and the attachment

vacated. Appeal from paper, same court and Justice, entered November 2, 2009, which, insofar as appealed from, directed settlement of an order granting plaintiff's motion for an attachment, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendant's rollover of an exempt employee retirement account maintained in his name with plaintiffs to a new IRA account maintained in his name with a nonparty custodian, although made within 90 days of the interposition of plaintiffs' conversion claims, did not constitute a nonexempt "addition" to the new IRA account within the meaning of CPLR 5205 (c) (5). CPLR 5205 (c) (2) exempts from enforcement of money judgments retirement assets "created as a result of rollovers" from other exempt retirement assets. Here, there being no evidence that any additions were made to defendant's employee retirement from any sources whatsoever within 90 days of the interposition of plaintiffs' claims, the assets that defendant rolled over into his new IRA account could not have included monies from nonexempt sources, e.g., salary, deposited into the employee retirement account within such 90-day period (cf. *Memmo v Perez*, 63 AD3d 472 [2009] [wife's IRA assets transferred to husband's IRA pursuant to divorce settlement made within 90 days of interposition of husband's creditor's claim not exempt under CPLR 5205 (c) (2), (5); IRAs originally held by husband exempt]). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.