■ Nicole Nassour, an Infant, by Her Mother and Natural Guardian, Angela Murphy, Plaintiff, v Lutheran Medical Center, Defendant. Martin Freedhand, Nonparty Respondent; Robert S. Meyers, Nonparty Appellant. [910 NYS2d 144]—

In an action to recover damages for medical malpractice, the plaintiff's attorney, a nonparty, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 26, 2008, as denied that branch of his motion which was to vacate that portion of a determination of a judicial hearing officer (Archer, J.H.O.), entered May 23, 2007, which, after a hearing, determined that nonparty Martin Freedhand, the plaintiff's former attorney, was entitled to a legal fee in the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the appellant's motion which was to vacate that portion of a determination of a judicial hearing officer (Archer, J.H.O.), entered May 23, 2007, which, after a hearing, determined that nonparty Martin Freedhand, the plaintiff's former attorney, was entitled to a legal fee in the subject case is granted.

In this action to recover damages for medical malpractice, nonparty Martin Freedhand, the plaintiff's former attorney, brought an application for his share of the attorney's fee after the case was settled. Robert S. Meyers, the plaintiff's present attorney, also a nonparty, disputed Freedhand's entitlement to a fee, arguing that Freedhand either had a conflict of interest at the time he commenced the action on behalf of the plaintiff or, alternatively, that Freedhand abandoned the case when he withdrew without just cause. After a hearing, the judicial hearing officer to whom the matter was referred determined that Freedhand was entitled to a fee and set the amount. Upon Meyers' motion, the Supreme Court vacated the portion of the order and subsequent judgment setting the amount of the fee, but denied that branch of Meyers' motion which was to vacate the portion of the order determining that Freedhand was entitled to a fee. Meyers appeals.

Pursuant to Judiciary Law § 475, "[w]hen an action is commenced, the attorney appearing for a party obtains a lien upon his or her client's causes of action . . . This lien attaches to any final order or settlement in the client's favor" (*Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc.*, 41 AD3d 367, 370 [2007]). "Where an attorney's representation terminates upon mutual consent, and there has been no

misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien" (*Lansky v Easow*, 304 AD2d 533, 534 [2003]; *see Klein v Eubank*, 87 NY2d 459 [1996]; *cf. Matter of Winston*, 214 AD2d 677 [1995]). Where, however, an attorney withdraws without sufficient cause, his or her lien is automatically forfeited (*see Hae Sook Moon v City of New York*, 255 AD2d 292 [1998]; *Winters v Rise Steel Erection Corp.*, 231 AD2d 626 [1996]). Here, Freedhand was not discharged by the plaintiff, but instead voluntarily withdrew. Since Freedhand failed to establish that there was just cause for his withdrawal, the Supreme Court should have vacated that portion of the judicial hearing officer's determination that Freedhand was entitled to a fee (*cf. Robinson v Friedman Mgt. Corp.*, 49 AD3d 436 [2008]; *Winters v Rise Steel Erection Corp.*, 231 AD2d 626 [1996]).

In light of our determination, Meyers' remaining contentions have been rendered academic. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.