■ AISHA BODDIE-WILLIS, Plaintiff, v MICHAEL MARZILIANO, Defendant. HAROLD CHETRICK, P.C., Nonparty Appellant; CASCIONE, GALLUZZI, LLC, Nonparty Respondent. [911 NYS2d 640]—

In an action to recover damages for personal injuries, Harold Chetrick, P.C., the plaintiff's outgoing attorney, appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 22, 2010, which granted that branch of the motion of Cascione Galluzzi, LLC, the plaintiff's incoming attorney, which was to apportion attorney's fees to the extent of awarding Cascione Galluzzi, LLC, the sum of $6,000, and awarding it the sum of only $2,137.91.

Ordered that the order is affirmed, with costs.

Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the motion of Cascione Galluzzi, LLC, the plaintiff's incoming attorney, which was to apportion attorney's fees in this case, to the extent of awarding Cascione Galluzzi, LLC, the sum of $6,000, and awarding Harold Chetrick, P.C. (hereinafter Chetrick), the sum of $2,137.91, without conducting a hearing. The evidence submitted by the attorneys in support of their respective positions provided the Supreme Court with a sufficient basis to render its determination (*see Matter of DeLorenzo v Perlman*, 304 AD2d 827, 827-828 [2003]; *Melendez v Barbulescu*, 228 AD2d 420, 421 [1996]; *Rondinelli v Yabuki*, 224 AD2d 404 [1996]).

As opposed to Chetrick's contention that the Supreme Court improperly apportioned attorney's fees without first conducting a hearing, its contention that the actual manner in which the Supreme Court apportioned the attorney's fees constituted an improvident exercise of discretion is not properly before this Court, since it was raised for the first time on appeal in its reply brief (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.