In an action, in effect, to enforce a charging lien pursuant to Judiciary Law § 475, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered January 6, 2012, as granted that branch of the plaintiffs motion which was for summary judgment on the issue of whether the plaintiff is entitled to a charging lien and denied that branch of their cross motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff attorney commenced an underlying action on behalf of the defendant Hazel Warsop, as administrator of the estate of Arnold Warsop. Prior to trial, the Supreme Court granted the plaintiffs unopposed motion for leave to withdraw as counsel for Warsop. That action was subsequently settled for the sum of $500,000. The plaintiff later commenced this action to enforce a charging lien on the settlement pursuant to Judiciary Law § 475.
The Supreme Court properly granted that branch of the plaintiffs motion which was for summary judgment on the issue of whether the plaintiff is entitled to a charging lien. “Pursuant to Judiciary Law § 475, ‘[w]hen an action is commenced, the attorney appearing for a party obtains a lien upon his or her client’s causes of action . . . This lien attaches to any final order or settlement in the client’s favor’ ” (Nassour v Lutheran Med. Ctr., 78 AD3d 671, 671 [2010], quoting Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc., 41 AD3d 367, 370 [2007]). “ ‘Where an attorney’s representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien’ ” (Nassour v Lutheran Med. Ctr., 78 AD3d at 671-672, quoting Lansky v Easow, 304 AD2d 533, 534 [2003]). Here, the plaintiff established, prima facie, that his representation of Warsop was terminated upon mutual consent, and that there had been no misconduct, discharge for *789 cause, or unjustified abandonment on his part. In opposition, the defendants failed to raise a triable issue of fact.
The defendants’ remaining contentions either are without merit or not properly before this Court. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.