■ MARK A. WASSERMAN, Plaintiff, v JOANN WASSERMAN, Respondent. BERMAN, FRUCCO, GOUZ, MITCHELL & SCHUB, P.C., Nonparty Appellant. [990 NYS2d 571]—

In a matrimonial action in which the parties were divorced by judgment dated May 22, 2008, the nonparty law firm Berman, Frucco, Gouz, Mitchel & Schub, P.C., appeals from an order of the Supreme Court, Westchester County (Colangelo, J.), dated December 11, 2013, which denied its motion, in effect, to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $47,236.73, for leave to enter a money judgment in its favor and against the defendant, which includes interest, in the sum of $69,133.86, and, upon the closing of sale of the former marital residence, to direct the defendant's real estate attorney, her agent, title company, or anyone acting on the defendant's behalf to hold in escrow the sum of $69,133.86 to be paid to it. By decision and order on motion dated February 10, 2014, this Court granted the nonparty appellant's motion, in effect, to direct that the sum of $47,236.73 remain in an escrow account maintained by F. Todd McLouglin, real estate attorney for the respondent, pending hearing and determination of the appeal.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the appellant's motion which was, in effect, to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $47,236.73, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the appellant's motion which was, upon the closing of sale of the former marital residence, to direct the defendant's real estate attorney, her agent, title company, or anyone acting on the defendant's behalf to hold in escrow the sum of $69,133.86 to be paid to the appellant, and substituting therefor a provision granting that branch of the motion to the extent of directing, upon the closing of sale of the former marital residence, that F. Todd McLouglin, real estate attorney for the defendant, pay the sum of $47,236.73 to the nonparty law firm Berman Frucco Gouz Mitchel & Schub, P.C.; as so modified, the order is affirmed, with costs to the appellant.

The nonparty appellant law firm, Berman Frucco Gouz Mitchel & Schub, P.C. (hereinafter the law firm), represented the defendant in the instant matrimonial action. As relevant here, the judgment of divorce dated May 22, 2008, directed that the defendant would receive a distributive award in the principal sum of $1,841,500, which includes the defendant's receipt of the net proceeds from the sale of the former marital residence, and

that the plaintiff would receive a credit for one-half of the net proceeds from the sale of the former marital residence toward the defendant's distributive award (*see Wasserman v Wasserman*, 66 AD3d 880 [2009]). In October 2013, the law firm, alleging that the defendant still owed it legal fees in the principal sum of $47,236.73 and that the defendant was about to sell the former marital residence, moved, in effect, to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $47,236.73, for leave to enter a money judgment in its favor and against the defendant, which includes interest, in the sum of $69,133.86, and, upon the closing of sale of the former marital residence, to direct the defendant's real estate attorney, her agent, title company, or anyone acting on the defendant's behalf to hold in escrow the sum of $69,133.86 to be paid to the law firm. In response, the defendant, among other things, acknowledged that she owed the law firm money, but argued that she was waiting to receive her entire distributive award before paying the law firm. In the order appealed from, the Supreme Court denied the law firm's motion.

Judiciary Law § 475 provides that, from the commencement of an action in any court, the attorney who appears for a party has a lien upon his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, determination, decision, judgment, or final order in his client's favor, and the proceeds thereof. "A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client" (*Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005] [citation omitted]; *see Banque Indosuez v Sopwith Holdings Corp.*, 98 NY2d 34, 44 [2002]; *Tutarashvili v Barzilay*, 39 AD3d 851 [2007]; *Theroux v Theroux*, 145 AD2d 625, 627-628 [1988]). " 'Where an attorney's representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien' " (*Nassour v Lutheran Med. Ctr.*, 78 AD3d 671, 671-672 [2010], quoting *Lansky v Easow*, 304 AD2d 533, 534 [2003]). In a matrimonial action, a charging lien will be available " 'to the extent that an equitable distribution award reflects the creation of a new fund by an attorney greater than the value of the interests already held by the client' " (*Moody v Sorokina*, 50 AD3d 1522, 1523 [2008], quoting *Zelman v Zelman*, 15 Misc 3d 372, 375 [Sup Ct, NY County 2007]; *cf. J.K.C. v T.W.C.*, 39 Misc 3d 899, 908 [Sup Ct, Monroe County 2013]).

Here, the law firm established its prima facie entitlement to a charging lien in the sum of $47,236.73 pursuant to Judiciary Law § 475. The law firm demonstrated that it entered into a retainer agreement with the defendant, which explained the term of its compensation and the nature of services. In addition, the firm showed that it regularly sent invoices to the defendant and that the defendant never objected to them (*see Tunick v Shaw*, 45 AD3d 145, 149 [2007]). The law firm showed that the attorney-client relationship ended upon mutual consent, with the entry of the judgment of divorce (*see Tangredi v Warsop*, 110 AD3d 788 [2013]; *Nassour v Lutheran Med. Ctr.*, 78 AD3d at 671-672). Moreover, the law firm showed that the defendant's award of the net proceeds from the sale of the former marital residence, which included an award for the defendant's interest in the plaintiff's business, was obtained during its representation of the defendant and was not an interest already held by the defendant (*see Moody v Sorokina*, 50 AD3d at 1523). The defendant's contentions in opposition are either without merit or not properly before this Court. Therefore, the Supreme Court should have granted that branch of the law firm's motion which was, in effect, to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $47,236.73.

Moreover, the law firm established its entitlement to an order directing, upon the closing of sale of the former marital residence, that the defendant's real estate attorney, her agent, title company, or anyone acting on the defendant's behalf pay the sum of $47,236.73 to it. An attorney may enforce a charging lien simply by making a petition to the court in the proceeding where he or she appeared, rather than having to bring a separate plenary action (*see Haser v Haser*, 271 AD2d 253, 254 [2000]; *Miller v Kassatly*, 216 AD2d 260 [1995]). Thus, the Supreme Court should have granted that branch of the law firm's motion which was, upon the closing of sale of the former marital residence, to direct the defendant's real estate attorney, her agent, title company, or anyone acting on the defendant's behalf to hold in escrow the sum of $69,133.86, representing the amount of the charging lien plus interest, and to direct F. Todd McLouglin, real estate attorney for the defendant, to pay the amount of the charging lien, $47,236.73, to the law firm.

However, the Supreme Court properly denied that branch of the law firm's motion which was for leave to enter a money judgment against the defendant, which includes interest, in the sum of $69,133.86. A law firm is not entitled to a money judgment against a former client pursuant to Judiciary Law § 475, absent the commencement of a plenary action (*see Mint Factors*

*v Cedar Tide Corp.*, 133 AD2d 222, 223 [1987]; *Ryan v Ryan*, 75 AD2d 1000 [1980]; *Matter of Regan v Marco M. Frisone, Inc.*, 54 AD2d 1125, 1126 [1976]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.