■ Analisa Salon, Ltd., Doing Business as Susan Marlowe Figure Salon, Appellant, v Elide Properties, LLC, et al., Defendants. Carol W. Most et al., Nonparty Respondents. (Action No. 1.) Analisa Salon, Ltd., Doing Business as Susan Marlowe Figure Salon, Appellant, v Michael M. Seminara, Constable, et al., Defendants. Carol W. Most et al., Nonparty Respondents. (Action No. 2.) [61 NYS3d 106]—

In two related actions, inter alia, to recover damages for unlawful eviction and breach of a lease, and for specific performance of a right of first refusal contained in the lease, the plaintiff in Action Nos. 1 and 2 appeals from a judgment of the Supreme Court, Westchester County (Walker, J.), entered August 28, 2015, which, upon an order of the same court dated January 30, 2015, denying its motion to vacate a charging lien of its former attorneys, nonparties Carol W. Most and Marcia E. Kusnetz, and granting, without a hearing, the cross motion of Carol W. Most and Marcia E. Kusnetz to enforce the charging lien, is in favor of Carol W. Most and Marcia E. Kusnetz and against it in the principal sum of $227,105.08.

Ordered that the judgment is affirmed, with costs.

"From the commencement of an action, . . . the attorney who appears for a party has a lien upon his or her client's cause of action . . . and the proceeds thereof" (Judiciary Law § 475; see Tangredi v Warsop, 110 AD3d 788 [2013]). This lien is created by operation of law and does not require notice to bring it into existence (see Matter of City of New York [United States of Am.—Coblentz], 5 NY2d 300, 307 [1959]), and it attaches at the time the action is commenced (see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 657 [1993]; Tangredi v Warsop, 110 AD3d at 788; Matter of Dresner v State of New York, 242 AD2d 627, 628 [1997]).

"Where an attorney's representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory

lien" (*Tangredi v Warsop*, 110 AD3d at 788 [internal quotation marks omitted]). However, an attorney who is discharged for cause is not entitled to compensation or a lien (*see Maher v Quality Bus Serv., LLC*, 144 AD3d 990, 992 [2016]; *CPMI, Inc. v Kolaj*, 137 AD3d 953, 955-956 [2016]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 699 [2011]).

If there are conflicting claims regarding whether an attorney was discharged with or without cause, a hearing is required (*see CPMI, Inc. v Kolaj*, 137 AD3d at 956; *Byrne v Leblond*, 25 AD3d 640, 642 [2006]). However, summary judgment is appropriate where the attorney establishes, prima facie, that the representation "was terminated upon mutual consent, and that there [was] no misconduct, discharge for cause, or unjustified abandonment," and the client in response fails to raise a triable issue of fact (*Tangredi v Warsop*, 110 AD3d at 788-789; *see Matter of DeLorenzo v Perlman*, 304 AD2d 827, 828 [2003]; *Rondinelli v Yabuki*, 224 AD2d 404 [1996]).

Here, nonparties Carol W. Most and Marcia E. Kusnetz, the plaintiff's former attorneys (hereinafter together the attorneys), established, prima facie, that the plaintiff owed them approximately $227,000 in unpaid legal fees, that the plaintiff consented to change attorneys, and that they had properly and promptly asserted their charging lien. Although the attorneys did not seek to enforce the lien until approximately two years after being substituted, the record also demonstrates that the plaintiff was not prejudiced by the delay. In opposition, the plaintiff failed to demonstrate that the attorneys' conduct evinced an intent to abandon their lien or to otherwise raise a triable issue of fact. Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the lien and granted the attorneys' cross motion to enforce the lien. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.