Bernard v De Rham (2018 NY Slip Op 03891)





Bernard v De Rham


2018 NY Slip Op 03891


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


310243/12 6518A 6518

[*1] Claire Bernard, Plaintiff,
v
Collin De Rham, Defendant-Appellant, Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, Nonparty Respondent.


Dobrish Michaels Gross LLP, New York (David Elbaum of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Bernard E. Clair of counsel), for respondent.



Judgment, Supreme Court, New York County (Leticia M. Ramirez, J.), entered June 16, 2017, awarding a sum of money to nonparty respondent (the law firm) against defendant, and order, same court and Justice, entered June 7, 2017, which, inter alia, granted the law firm's motion for a charging lien, unanimously modified, on the law, the judgment and lien vacated as to all invoices, a hearing ordered as to the invoices dated February 2 and March 3,2017, the matter remanded for further proceedings, and, as so modified, affirmed.
The law firm is not entitled to a money judgment against defendant, its former client, on a motion pursuant to Judiciary Law § 475. Such a motion seeks a lien upon the client's cause of action, which does not provide for an immediately enforceable judgment against all his assets, but is a security interest against a single asset, i.e., a judgment or settlement in his favor (Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1st Dept 1997]). To obtain a money judgment, the law firm must commence a plenary action (id. at 218-219; see Jaffe v Brown-Jaffe, 98 AD3d 898 [1st Dept 2012]; Wasserman v Wasserman, 119 AD3d 932, 934-935 [2d Dept 2014]).
We agree with the motion court that on an account stated theory, defendant cannot challenge the amounts in the invoices prior to February 2, 2017. However, the law firm failed to demonstrate its right to a charging lien on its unpaid invoices dated February 2, 2017 and March 3, 2017, since defendant timely objected to specific items in those invoices (see Bartning v Bartning, 16 AD3d 249 [1st Dept 2005]). Among the items defendant objected to were charges for time allegedly spent discussing fee issues, which he said were expressly excepted from billing.
Contrary to defendant's contention, Judiciary Law § 475 does not preclude the attachment and enforcement of a charging lien on an award in his favor, which may include an award of legal fees from his ex-wife (see Cohen v Cohen, 160 AD2d 571, 572 [1st Dept 1990] [holding that "[a]lthough a charging lien does not attach to an award of alimony and maintenance, section 475 does not preclude the enforcement of such lien upon any other award made in the action"] [internal citation omitted]; see Rosen v Rosen, 97 AD2d 837 [2nd Dept 1983] [holding that "(w)hile a charging lien does not attach to an award of alimony and maintenance, section 475 of the Judiciary Law does not preclude the enforcement of such a lien upon another award made in the action, such as an award of counsel fees to either the client or subsequent counsel"]). However, based on the record before us, it is unclear whether the court awarded any proceeds to which such a lien could attach (see Expo Elecs. v 46 Estates Corp., 222 AD2d 288 [1st Dept [*2]1995]), since the matter was not concluded until after the entry of the judgment that is the subject of this appeal.
Accordingly, the matter is remanded for the court to address the disputed invoices and the enforcement of the charging lien as to all the invoices.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK