Harper v De Almeida (2025 NY Slip Op 00156)

Harper v De Almeida

2025 NY Slip Op 00156

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 307647/17 Appeal No. 3454 Case No. 2023-05672 

[*1]Kylie M. Harper, Plaintiff-Respondent,
v
Marcelo Ramalho De Almeida, Defendant-Appellant. Abrams Fensterman, LLP, Nonparty-Respondent.

Marcelo Ramalho de Almeida, appellant pro se.
Abrams Fensterman, LLP, Brooklyn (Meghan R. Buckwalter of counsel), for Abrams Fensterman LLP, respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about November 7, 2023, which denied defendant's motion to set aside the charging lien filed by his former counsel, nonparty respondent law firm Abrams Fensterman LLC, and ordered that the Abrams firm was entitled to a charging lien in the amount of $18,682.78 and to a charging lien for reasonable fees incurred after December 31, 2022 in an amount to be determined in arbitration to be commenced by defendant within 10 days of the date of the order, or else in the amount of $14,602.50, unanimously affirmed, without costs.
Supreme Court properly found that the Abrams firm was entitled to a charging lien against defendant in this matrimonial action, as the firm submitted proof that it entered into a retainer agreement with defendant. The Abrams firm also submitted proof that defendant acknowledged in writing that he had received and reviewed regular invoices and did not object to the amounts claimed to be due through December 30, 2022 (see Matter of Trafelet v Cipolla & Co., LLC, 190 AD3d 573, 574 [1st Dept 2021]). Furthermore, defendant agreed in writing that plaintiff was authorized to pay $50,000 to the firm from his share of equitable distribution, to be be applied to outstanding fees owed to the firm and to replenish the retainer up to $20,000 (see Memmo v Perez, 63 AD3d 472, 472 [1st Dept 2009]). Defendant's assertion that he was sick when he signed the agreement was improperly raised for the first time in reply, and in any event was unsupported by any evidence.
The court providently directed defendant to commence an arbitration (see 22 NYCRR 137 et seq.) to determine the reasonable amount of fees incurred after December 31, 2022 —$14,602.50, according to the Abrams firm — without limiting defendant's ability to assert fee disputes in a greater amount.
The firm is not barred from collecting unpaid legal fees based on any failure to comply with the rules governing matrimonial attorneys (see Granato v Granato, 75 AD3d 434, 434 [1st Dept 2010]). The firm substantially complied with the rules governing matrimonial retainer agreements under 22 NYCRR Parts 1400 and 1300, and therefore is entitled to assert a charging lien in connection with its claim to recover reasonable attorney's fees (see Flanagan v Flanagan, 267 AD2d 80, 81 [1st Dept 1999]). Nor was the firm required to serve defendant with notice of his right to arbitrate before
filing a notice of a charging lien (see 22 NYCRR 137.6; Sprole v Sprole, 151 AD3d 1405, 1407 [3d Dept 2017]). In any event, the firm provided defendant with such notice.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025