◼ NORMAN P. DEEP, JR., Respondent, v CLINTON CENTRAL SCHOOL DISTRICT et al., Appellants. [850 NYS2d 792]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered October 30, 2006. The order awarded attorneys' fees to plaintiff's attorneys.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs, plaintiff is awarded attorney's fees on appeal and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, reinstatement to his position as head football

coach at Clinton Central High School, along with declaratory and injunctive relief, based upon allegations that defendants violated his civil rights by retaliating against him in an employment context. The parties settled the action by a stipulation that provided in relevant part that "the parties hereto understand and agree that the Plaintiff's attorneys will apply to [Supreme] Court for an award of attorneys fees in accordance with 42 U.S.C. Section 1988, should there be no agreement as to the amount of said fees owing to the Plaintiff's attorneys." Defendants declined to pay the amount requested by plaintiff's attorneys, and they now appeal from an order awarding attorneys' fees and disbursements in the amount of $32,682.98.

We note at the outset that, although plaintiff seeks dismissal of the appeal on the ground that defendants waived their right to appeal, plaintiff previously moved in this Court for that same relief, and we denied the motion. In any event, it would " 'be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent' " (*Woodcrest Fabrics v B & R Textile Corp.*, 95 AD2d 656, 662 [1983], *affd* 61 NY2d 887 [1984]; *see generally Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]), and here the stipulation contains no such express waiver.

We reject defendants' contention that the court erred in awarding attorneys' fees to both of plaintiff's attorneys. Defendants have failed to establish any ground for disturbing the stipulation (*see generally McCoy v Feinman*, 99 NY2d 295, 302 [2002]), and they therefore are bound by their agreement therein to pay attorneys' fees for "Plaintiff's attorneys." In addition, defendants submitted no evidence to support their further contention that the attorneys submitted invoices seeking compensation for duplicative work.

With respect to the amount of attorneys' fees awarded, we note that, in a civil rights action pursuant to 42 USC § 1988, a court must multiply the number of hours reasonably expended by the attorneys by the reasonable hourly rate for attorneys in that type of litigation (*see Hensley v Eckerhart*, 461 US 424, 433 [1983]; *see also Gisbrecht v Barnhart*, 535 US 789, 801-802 [2002]). A court's determination will be upheld absent an abuse of discretion, and here the court did not abuse its discretion in setting a rate of $200 per hour (*see Murphy v Lynn*, 118 F3d 938, 952 [1997], *cert denied* 522 US 1115 [1998]; *see generally Hensley*, 461 US at 437; *Saulpaugh v Monroe Community Hosp.*, 4 F3d 134, 145-146 [1993], *cert denied* 510 US 1164 [1994]).

We reject defendants' further contention that the court abused its discretion in determining the amount of the at-

torneys' fees based on the submissions of the attorneys, inasmuch as those submissions "sufficiently allowed the court to determine the time allotted by [the] attorneys to specific tasks and the reasonableness of that time" (*Cadena v Pacesetter Corp.*, 224 F3d 1203, 1215 [2000]). Also contrary to defendants' contention, "[t]he lack of contemporaneous records does not justify an automatic reduction in the hours claimed" (*Johnson v University Coll. of Univ. of Ala. in Birmingham*, 706 F2d 1205, 1207 [1983], *cert denied* 464 US 994 [1983]; *see Carter v Sedgwick County, Kan.*, 929 F2d 1501, 1506 [1991]). Furthermore, "[g]iven the interrelated nature of the facts and legal theories in this case, the [c]ourt did not err in refusing to apportion the fee award mechanically on the basis of [plaintiff's] success or failure on particular issues" (*Hensley*, 461 US at 437). Defendants' further contention that the court abused its discretion in awarding fees for specified items in each attorney's submissions is raised for the first time on appeal and thus is not properly before us. "An issue may not be raised for the first time on appeal . . . where it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840 [1994]).

In view of defendants' express agreement that plaintiff was entitled to apply to Supreme Court for an award of attorneys' fees in accordance with 42 USC § 1988 in the event that there was no agreement concerning the amount of those fees, we conclude that plaintiff is entitled to an award of attorney's fees on appeal. We therefore remit the matter to Supreme Court to determine the amount of reasonable attorney's fees incurred in defending this appeal (*see Podhorecki v Lauer's Furniture Stores*, 201 AD2d 947 [1994]; *see generally Burke v Burke*, 185 AD2d 625 [1992]).

We have considered defendants' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.