■ CLEOTILDE DIAZ, Appellant, v AUDI OF AMERICA, INC., et al., Respondents. [858 NYS2d 179]—

In an action, inter alia, to recover damages for breach of warranty and violation of General Business Law § 198-b, the plaintiff appeals (1) from so much of a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), dated July 28, 2006, as, upon a decision of the same court entered July 6, 2006,

made after a nonjury trial, awarded her an attorney's fee in the sum of only $25,000, and (2), as limited by her brief, from so much of an order of the same court entered February 14, 2007, as denied her cross motion, in effect, to amend the judgment to increase the amount of the attorney's fee and for an award of costs.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiff's cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of an amended judgment in accordance herewith; and it is further,

Ordered that the appeal from the judgment is dismissed in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the appellant.

After a nonjury trial, the plaintiff prevailed on her causes of action alleging breach of warranty and violation of General Business Law § 198-b (the so-called "Lemon Law"), and was awarded damages in the principal sum of $16,528.38, plus a statutory attorney's fee in the sum of $25,000. On appeal, the plaintiff argues that the amount of the attorney's fee awarded to her was inadequate, and that the court failed to award her costs or disbursements. We agree.

Pursuant to General Business Law § 198-b (f) (5), the court "may award reasonable attorney's fees to a prevailing plaintiff" (*Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.]*, 164 AD2d 41, 50 n 3 [1990]). This provision was enacted to ensure that the cost of litigating a Lemon Law cause of action would not outweigh the benefit obtained, and that the remedy would, therefore, be meaningful (*see Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.]*, 164 AD2d at 50). The statute does not provide any express guidance as to what is to be considered in awarding an attorney's fee. However, a reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered (*see NYCTL 1998-1 Trust v Oneg Shabbos, Inc.*, 37 AD3d 789, 791 [2007]; *Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]). In general, factors to be considered include (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved (*see Matter of Free-*

*man*, 34 NY2d 1, 9 [1974]; *Matter of Gaffney v Village of Mamaroneck*, 21 AD3d 1032 [2005]; *Steiger v Dweck*, 305 AD2d 475 [2003]).

Here, the plaintiff sought an attorney's fee in an amount exceeding $33,000 for the period from the commencement of the action until approximately the time of trial, payable to Joseph Karten, and in an amount exceeding $37,000 for the period from approximately the time of trial through the entry of judgment and the determination of a posttrial motion and cross motion, payable to James E. Schwartz. As noted earlier, the Supreme Court awarded the plaintiff the total sum of $25,000 as an attorney's fee. The court did not expressly apportion the fees between the two attorneys or set forth its reason for departing from the amounts demanded (*cf. Matter of Rahmey v Blum*, 95 AD2d 294 [1983]). However, remittitur for further proceedings is not warranted here, since this Court's discretionary authority to award an attorney's fee is as broad as that of the trial court (*see Dankner v Steefel*, 47 AD3d 867 [2008]). Further, not only was the Supreme Court's award in the instant matter made after a nonjury trial on a fully-developed record but, in addition, the defendants consented to the award of a fee to Schwartz based on papers alone (*see generally Melius v Breslin*, 46 AD3d 524 [2007]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174 [2007]). Based upon our review of the record, an increase in the amount of the attorney's fee awarded to the extent indicated herein is appropriate.

The plaintiff's initial counsel Joseph Karten is also her husband. However, the defendants do not argue that this, or that the fact that Karten did not bill the plaintiff for his services, precluded an award of an attorney's fee to Karten (*cf. Sharp v Sharp*, 161 AD2d 624 [1990]; *Maplewood Mgt. v Best*, 143 AD2d 978 [1988]). Rather, they argue only that the lack of billing statements was properly considered in determining the amount of the award, along with the other evidence of the work performed during Karten's tenure as counsel to the plaintiff (*cf. Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]; *Matter of Rahmey v Blum*, 95 AD2d 294, 301 [1983]). We reject this argument.

Karten's testimony at trial supports a conclusion that he was possessed of the skills required to effectively initiate and initially litigate this action. For example, in a prior appeal, Karten was successful in obtaining a reversal of the grant of summary judgment in favor of the defendants dismissing the complaint (*see Diaz v Audi of Am., Inc.*, 19 AD3d 357 [2005]). However, Karten's testimony did not establish that he needed to spend

135 hours working on the action. For example, Karten asserted that he spent 57 hours working on the prior appeal. However, that appeal, which was perfected on a 29-page brief, did not involve any novel or complex issues, but rather the application of general principles of disclosure to the facts of the dispute. Further, it was only partially successful. Other than the prior appeal and the motion practice giving rise to it, Karten testified and presented evidence that he, inter alia, drafted and responded to various disclosure requests, sought to compel answers to interrogatories (which met with mixed results), and prepared and represented the plaintiff at her deposition. For such services, an award of an attorney's fee in the amount of $7,500 is reasonable.

The plaintiff's trial counsel James E. Schwartz submitted bills for legal services totaling more than $37,000. In the main, this represented his billable hours, charged at a rate that varied between $325 and $400 per hour. Accordingly, Schwartz billed approximately 100 hours for the period just prior to the trial through the entry of judgment and the determination of the posttrial motion and cross motion. However, the trial, which proceeded over a period of two days, did not raise any novel or complex issues, or even ones that required expert proof. Rather, the plaintiff's evidence at trial consisted of her own testimony and that of Karten, along with various documents. For such services, an award of an attorney's fee in the sum of $22,500 is reasonable.

Finally, the judgment made no express provision for costs or disbursements. As the prevailing party, the plaintiff was entitled to costs and disbursements (see CPLR 8101, 8301), and the amended judgment must reflect that entitlement. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.