■ KAREN LITTLETON, Appellant, v AMBERLAND OWNERS, INC., Defendant. KLEIN & FOLCHETTI, P.C., Nonparty Respondent. [2 NYS3d 920]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered July 23, 2013, which, inter alia, granted the motion of the nonparty respondent, Klein & Folchetti, P.C., to impose a charging lien pursuant to Judiciary Law § 475 in the sum of $48,030.83 against certain settlement proceeds and directed counsel for the defendant to make immediate payment of $48,030.83 to the nonparty respondent from the settlement proceeds.

Ordered that the order is affirmed, without costs or disbursements.

"Where an attorney's withdrawal from a case is justifiable, the attorney is entitled to recover for services rendered on the basis of quantum meruit and to impose a retaining lien on the file or a charging lien on the proceeds of the judgment" (*Kahn v Kahn*, 186 AD2d 719, 720 [1992]; *see Klein v Eubank*, 87 NY2d 459, 462 [1996]). Here, contrary to the plaintiff's contention, the nonparty respondent, Klein & Folchetti, P.C., established good cause to withdraw as her counsel (*see Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]; *Winters v Rise Steel Erection Corp.*, 231 AD2d 626, 627 [1996]). Moreover, under the circumstances of this case, the Supreme Court properly determined that the sum of $48,030.83 was a reasonable attorney's fee (*see Breidbart v Wiesenthal*, 117 AD3d 766, 767 [2014]). Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.