■ LANCER INDEMNITY COMPANY, Appellant, v JKH REALTY GROUP, LLC, Respondent, et al., Defendants. [8 NYS3d 356]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant JKH Realty Group, LLC, in an underlying wrongful death action entitled *Zeqiri v JKH Realty Group, LLC*, pending in the Supreme Court, Suffolk County, under index No. 18243/10, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated August 28, 2013, which, upon an order of the same court (Brown, J.), dated April 1, 2013, granting the motion of JKH Realty Group, LLC, inter alia, for summary judgment on its counterclaim to recover an attorney's fee and costs and directing a hearing on the appropriate amount of an attorney's fee and costs, and upon an order of the same court (Galasso, J.), dated August 5, 2013, made after a hearing, awarding JKH Realty Group, LLC, an attorney's fee and costs in the principal sum of $145,000, is in favor of JKH Realty Group, LLC, and against it in the principal sum of $145,000.

Ordered that the judgment is affirmed, with costs.

As detailed in the companion appeal (*see Lancer Indem. Co. v JKH Realty Group, LLC*, 127 AD3d 1032 [2015] [decided herewith]), the plaintiff insurer commenced this action for a judgment declaring that it is not obligated to defend or indemnify the defendant JKH Realty Group, LLC (hereinafter JKH Realty), in an underlying wrongful death action. The Supreme Court granted JKH Realty's motion, inter alia, for summary judgment on its counterclaim for a declaration that the plaintiff is so obligated and for summary judgment on its counterclaim to recover an attorney's fee and costs incurred in this action. After a hearing on the appropriate amount of an attorney's fee and costs, the Supreme Court awarded JKH Realty the full amount of $145,000 it sought for attorneys' fees and costs. Judgment was entered in favor of JKH Realty and against the plaintiff in that principal sum. The plaintiff appeals.

The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the

Supreme Court (*see Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471 [2005]; *Matter of Papadogiannis*, 196 AD2d 871 [1993]). The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community (*see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1008, 1010 [2010]; *Matter of Gamache v Steinhaus*, 7 AD3d 525, 527 [2004]; *Gutierrez v Direct Mktg. Credit Servs.*, 267 AD2d 427, 428 [1999]). The court should consider factors such as "(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved" (*Diaz v Audi of Am., Inc.*, 57 AD3d 828, 830 [2008]; *see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of McCann*, 236 AD2d 405 [1997]; *Matter of Bobeck*, 196 AD2d 496 [1993]; *Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining a reasonable attorney's fee and costs (*see Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471 [2005]). While the plaintiff's expert opined that the fees sought were unreasonable in both the hours expended and the rate charged, JKH Realty's expert opined that the hours expended were reasonable in light of the factors listed in the *Diaz* case and that the rates were fair, reasonable and customary in the industry (*see Diaz v Audi of Am., Inc.*, 57 AD3d at 830). The Supreme Court credited the testimony of JKH Realty's expert, and there is no basis to disturb this credibility determination (*see Matter of Evans v Board of Assessment Review of Town of Catskill*, 300 AD2d 768, 769 [2002]; *Olson v City of New York*, 257 AD2d 653 [1999]; *Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 879 [1997]).

Further, the award properly included fees incurred in substantiating the fee claim itself, so-called "fees on fees" (*see generally Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]; *Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.]*, 49 NY2d 93, 98-99 [1979]; *cf. Baker v Health Mgt. Sys.*, 98 NY2d 80, 87-88 [2002]). Finally, the Supreme Court properly awarded the claimed costs, which

were adequately supported by the invoices admitted at the hearing (*see Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471 [2005]; *Hartford Cas. Ins. Co. v Vengroff Williams & Assoc.*, 306 AD2d 435, 437 [2003]; *GA Ins. Co. of N.Y. v Naimberg Realty Assoc.*, 233 AD2d 363, 365 [1996]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.