██ LANCER INDEMNITY COMPANY, Appellant-Respondent, v JKH REALTY GROUP, LLC, et al., Respondents-Appellants. [7 NYS3d 492]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant JKH Realty Group, LLC, in an underlying wrongful death action entitled *Zeqiri v JKH Realty Group, LLC*, pending in the Supreme Court, Suffolk County, under index No. 18243/10, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated April 1, 2013, as granted that branch of the motion of the defendant JKH Realty Group, LLC, which was for summary judgment, in effect, in its favor on the complaint insofar as asserted against it and on its counterclaim for a declaration that the plaintiff is obligated to defend and indemnify it in the underlying action and denied its cross motion for summary judgment declaring that it is not so obligated, and the defendants JKH Realty Group, LLC, and Amir Zeqiri, deceased, by the administrator of his estate, Vesel Zeqiri, and Vesel Zeqiri, individually, separately cross-appeal from the same order.

Ordered that the cross appeals are dismissed, as the defendants are not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify the defendant JKH Realty Group, LLC, in the underlying action; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

JKH Realty Group, LLC (hereinafter JKH Realty), the owner of a shopping plaza in Smithtown, had a commercial general liability insurance policy with North Sea Insurance Company, the predecessor to the plaintiff, Lancer Indemnity Company (hereinafter the insurer), covering the period from July 31, 2009, to July 31, 2010. The policy provided coverage for bodily injury "arising out of . . . [t]he ownership, maintenance or use of the premises . . . and operations necessary or incidental to those premises." The policy excluded coverage for claims "arising out of . . . [t]he ownership, maintenance or use of [a specified parking lot] or any property located on these premises; [or] Operations . . . necessary or incidental to the ownership, maintenance or use of those premises" (hereinafter the parking lot exclusion).

In February 2010, an employee of one of the stores at the shopping plaza died after he fell through an allegedly defective manhole cover in the paved area behind the building and

drowned in the leaching pool below. The insurer disclaimed coverage based on the parking lot exclusion, then commenced this action for a judgment declaring that it is not obligated to defend or indemnify JKH Realty in the underlying wrongful death action. JKH Realty moved, inter alia, for summary judgment, in effect, in its favor on the complaint insofar as asserted against it and on its counterclaim for a declaration that the insurer is obligated to defend and indemnify it in the underlying action, and the insurer cross-moved for summary judgment declaring that it is not so obligated. The Supreme Court, among other things, granted that branch of JKH Realty's motion which was for summary judgment on the counterclaim and denied the insurer's cross motion. The insurer appeals.

Exclusions to coverage must be strictly construed and read narrowly, with any ambiguity construed against the insurer (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). "[T]o 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case'" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d at 383, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *see Great Am. Restoration Servs., Inc. v Scottsdale Ins. Co.*, 78 AD3d 773, 776 [2010]).

Here, the Supreme Court properly determined that the subject policy provides coverage for the underlying action. Even assuming that the parking lot exclusion applies to the paved area in the rear of the building, JKH Realty demonstrated that the exclusion does not apply to the underlying claim. Since the allegedly defective manhole cover and leaching pool into which the decedent fell were part of the building's septic system, the decedent's claim arose out of operations necessary or incidental to the building, and not out of the "ownership, maintenance or use" of the rear parking lot. Thus, strictly construing the parking lot exclusion and reading it narrowly, it does not apply (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). We reject the insurer's contrary interpretation. Accordingly, the Supreme Court properly granted that branch of JKH Realty's motion which was for summary judgment, in effect, in its in favor on the complaint insofar as asserted against it and on its counterclaim for a declaration that the insurer is obligated to defend and indemnify it in the underlying action, and denied the cross motion.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is obligated to defend and indemnify JKH Realty in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.