Neeman v Smith (2024 NY Slip Op 02541)

Neeman v Smith

2024 NY Slip Op 02541

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-05668
 (Index No. 6289/13)

[*1]Giora Neeman, et al., appellants,
v
Rita Zelda Smith, etc., et al., defendants; Catania, Mahon & Rider, PLLC, nonparty- respondent.

Judd R. Spray, New York, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass and for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), entered June 13, 2022. The judgment, upon a decision of the same court dated September 15, 2021, made without a hearing, is in favor of nonparty Catania, Mahon & Rider, PLLC, and against the plaintiffs in the sum of $175,000. The appeal brings up for review (1) so much of an order of the same court dated July 17, 2020, as granted those branches of the motion of nonparty Catania, Mahon & Rider, PLLC, which were for leave to withdraw as counsel for the plaintiffs, to impose a charging lien to recover attorneys' fees for legal services rendered to the plaintiffs, and, in effect, to fix the amount of the charging lien, and granted that nonparty's application to impose a retaining lien on the plaintiffs' file, and (2) an order of the same court dated June 14, 2021, which denied the plaintiffs' motion for leave to renew their opposition to those branches of that nonparty's motion which were for leave to withdraw as counsel for the plaintiffs and to impose a charging lien and that nonparty's application to impose a retaining lien on the plaintiffs' file.
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof which awarded to nonparty Catania, Mahon & Rider, PLLC, the sum of $175,000, representing reasonable attorneys' fees for legal services rendered to the plaintiffs, and fixed the amount of the charging lien in favor of that nonparty and against the plaintiffs at the sum of $175,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a hearing and new determination of the amount of reasonable attorneys' fees to be awarded to nonparty Catania, Mahon & Rider, PLLC, and the amount in which the charging lien should be fixed, consistent herewith.
In September 2014, the plaintiffs retained nonparty Catania, Mahon & Rider, PLLC (hereinafter former counsel), to represent them in this action against the defendants. In August 2019, former counsel moved, inter alia, for leave to withdraw as the plaintiffs' counsel on the ground that a fee dispute existed between it and the plaintiffs, and to impose a charging lien to recover attorneys' fees for legal services rendered to the plaintiffs. Former counsel made a separate application to impose a retaining lien on the plaintiffs' file. The plaintiffs opposed. By order dated July 17, 2020 (hereinafter the July 2020 order), the Supreme Court granted those branches of the motion of former counsel which were, among other things, for leave to withdraw as counsel for the plaintiffs, to impose a charging lien, and, in effect, for an inquest to fix the amount of the charging lien, and [*2]granted former counsel's application to impose a retaining lien on the plaintiffs' file. Seven months later, the plaintiffs moved for leave to renew their opposition to those branches of that motion. By order dated June 14, 2021, the court denied the plaintiffs' motion for leave to renew. Thereafter, upon a decision dated September 15, 2021, made without a hearing, the court entered a judgment on June 13, 2022, which is in favor of former counsel and against the plaintiffs in the sum of $175,000, representing reasonable attorneys' fees for legal services rendered to the plaintiffs, imposed charging and retaining liens in favor of former counsel and against the plaintiffs, and fixed the amount of the charging and retaining liens at the sum of $175,000. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting that branch of former counsel's motion which was for leave to withdraw as counsel. An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16[c][5]; Villata v Kokkinos, 170 AD3d 1077, 1079; Applebaum v Einstein, 163 AD3d 905, 907). Further, "'[w]here an attorney's withdrawal from a case is justifiable, the attorney is entitled to recover for services rendered on the basis of quantum meruit and to impose a retaining lien on the file or a charging lien on the proceeds of the judgment'" (Littleton v Amberland Owners, Inc., 126 AD3d 857, 857, quoting Kahn v Kahn, 186 AD2d 719, 720).
Here, former counsel established that the plaintiffs did not pay certain legal fees owed in this action. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of former counsel's motion which was for leave to withdraw as their counsel and properly imposed charging and retaining liens to recover unpaid attorneys' fees (see Villata v Kokkinos, 170 AD3d at 1079; Applebaum v Einstein, 163 AD3d at 907).
As is relevant here, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]). A motion for leave to renew must also "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). The Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Here, the plaintiffs did not offer a reasonable justification for failing to offer the purported new facts and evidence in their opposition to former counsel's motion, inter alia, for leave to withdraw as counsel or former counsel's application for a retaining lien, or for their seven-month delay in moving for leave to renew (see Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727; Tri-State Consumer Ins. Co. v Singh, 297 AD2d 349). Moreover, consideration of the purported new facts and evidence would not have changed the court's original determination (see Matter of Dziubkowski, 179 AD3d 918, 919).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew (see Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 701).
The decision to award attorneys' fees and the determination as to their reasonableness lies within the sound discretion of the trial court (see Matter of Stortecky v Mazzone, 85 NY2d 518; Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036; see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1008, 1010). The court should consider factors such as "'(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved'" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036, quoting Diaz v Audi of Am., Inc., 57 AD3d 828, 830; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). Further, "'an attorney's charging lien [pursuant to Judiciary Law § 475] extends only to disbursements and services rendered in the particular action in which [*3]they were incurred, and does not cover a general balance due the attorney or charges rendered in other causes'" (Matter of County of Nassau [Farber — Goldstein & Sons], 80 AD2d 613, 613, quoting 7 NY Jur 2d, Attorneys, § 181; see Maher v Quality Bus Serv., LLC, 144 AD3d 990, 991-992). Additionally, an attorney is not entitled to a money judgment against a former client pursuant to the charging lien statute absent the commencement of a plenary action (see Wasserman v Wasserman, 119 AD3d 932, 934). "A retaining lien remains in force until the client's account is paid in full and is dependent only upon the attorney's continued possession of papers irrespective of the outcome of the litigation involved" (Nassau Regional Off Track Betting Corp. v KRD Media, LLC, 185 AD3d 598, 599 [internal quotation marks omitted]).
Here, the Supreme Court should have held a hearing before determining the amount of attorneys' fees to be awarded to former counsel and fixing the amount of the charging lien (see Kiszenik v Country Lincoln-Mercury W., LLC, 48 AD3d 756, 756; Campion v Campion, 32 AD3d 814, 815). As an initial matter, the court improperly based the attorneys' fees it awarded on unsworn, inadmissible evidence (see generally Covington v Covington, 249 AD2d 735, 735) and improperly considered fees that former counsel alleged were incurred by the plaintiffs in other matters in which former counsel also represented them (see Matter of County of Nassau [Faber — Goldstein & Sons], 80 AD2d at 613). Moreover, under the circumstances, the court was without authority to convert the attorneys' fees it awarded to former counsel pursuant to the charging lien statute into a money judgment (see Wasserman v Wasserman, 119 AD3d at 934).
Accordingly, the matter must be remitted to the Supreme Court, Orange County, for a hearing and new determination of the amount of reasonable attorneys' fees to be awarded to former counsel and the amount at which the charging lien should be fixed.
The plaintiffs' remaining contentions are without merit.
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court