Hershfield v Davidoff (2024 NY Slip Op 06558)

Hershfield v Davidoff

2024 NY Slip Op 06558

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-04803
 (Index No. 65964/18)

[*1]Bruce Hershfield, et al., appellants-respondents,
v
Jonathan Davidoff, respondent-appellant, et al., defendant.

Dimopoulos Bruggemann, P.C., Tuckahoe, NY (Gus Dimopoulos of counsel), for appellants-respondents.
Davidoff Law Firm, PLLC, New York, NY (Jonathan Marc Davidoff, sued herein as Jonathan Davidoff, pro se of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiffs appeal, and the defendant Jonathan Davidoff cross-appeals, from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 30, 2020. The order, insofar as appealed from, upon so much of an order of the same court (David F. Everett, J.) dated May 24, 2019, as granted that branch of the motion of the defendant Jonathan Davidoff which was for an award of attorneys' fees, after a hearing, awarded attorneys' fees to that defendant in the sum of $20,207.86.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jonathan Davidoff.
As is relevant to the appeal, in October 2018, the plaintiffs commenced this action against the defendant Jonathan Davidoff (hereinafter the defendant) and another defendant for declaratory relief and to recover on a promissory note. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him and for an award of attorneys' fees. In an order dated May 24, 2019, the Supreme Court, among other things, granted those branches of the defendant's motion. Thereafter, in an order dated April 30, 2020, the court, after a hearing, awarded attorneys' fees to the defendant in the sum of $20,207.86. The plaintiffs appeal, and the defendant cross-appeals.
The cross-appeal must be dismissed as abandoned, as the brief filed by the defendant does not seek reversal of any portion of the order dated April 30, 2020 (see Agosto v Museum of Modern Art, 219 AD3d 674, 676).
"The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036). "The attorney bears the burden of establishing the reasonable value of the [*2]services rendered" through contemporaneous time records specifying the date, hours expended, and nature of the work performed (id. at 1036). If the documentation is inadequate, the court may reduce the award accordingly (see Matter of Devlin, 182 AD2d 322, 329-330). The court may also reduce fees where the amount lacks substantiation (see Josefsson v Keller, 141 AD2d 700, 701) and where there are nonspecific billing entries (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 840).
Contrary to the plaintiffs' contention, the defendant was entitled to reimbursement for the attorneys' fees he paid to his attorney. The Supreme Court providently exercised its discretion in awarding reduced fees by discounting the requested amount to account for billing deficiencies (see id.).
Additionally, contrary to the plaintiffs' contention, the defendant, who is an attorney, was not precluded from recovering attorneys' fees for the reasonable value of the work he undertook in representing himself (see Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833; Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d 1124, 1126).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court