| **CLNC 2019-FL1 Funding, LLC v Bennett** |
| 2025 NY Slip Op 31793(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651851/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

CLNC 2019-FL1 FUNDING, LLC

                        Plaintiff,

            - v -

WILLIAM M. BENNETT,

                    Defendant.

-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651851/2023 |
| **MOTION DATE** | 10/29/2024 |
| **MOTION SEQ. NO.** | 002 |

**SUPPLEMENTAL DECISION + ORDER ON MOTION ON ATTORNEY'S FEES**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 149, 150, 156, 161, 162

were read on this motion for     SUMMARY JUDGMENT – ATTORNEY'S FEES    .

**THIS MATTER** having come before the Court by Plaintiff CLNC 2019-FL1 FUNDING, LLC ("Plaintiff"), and the Court having entered an April 9, 2025 Decision and Order (NYSCEF 156) granting Plaintiff's motion for summary judgment against Defendant William M. Bennett ("Defendant") and holding that Plaintiff is entitled to attorneys' fees and costs; and Plaintiff having submitted an application and proposed judgment as to its costs and fees (NYSCEF 158-160), and Defendant having raised objections to that application (NYSCEF 162); the Court now finds that Plaintiff's application for attorney's fees and costs is **denied without prejudice** for the reasons stated below.

As an initial matter, Plaintiff's contention that "the guarantees do not contain a 'reasonableness' standard for attorneys' fees, nor do they require the supporting details requested by Defendant" (NYSCEF 163; citing NYSCEF 5 at § 1.8 and NYSCEF 6 at § 1.9) is unavailing.

**651851/2023   CLNC 2019-FL1 FUNDING, LLC vs. BENNETT, WILLIAM M.**
  Motion No.  002

**Page 1 of 5**

1 of 5

[* 1]

"Before ordering one party to pay another party's attorneys' fees, the court always has the authority and responsibility to determine that the claim for fees is reasonable. Underlying this responsibility is 'the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law'" (*Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]).

"The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court" (*Lancer Indem. Co. v JKH Realty Group, LLC*, 127 AD3d 1035, 1035-36 [2d Dept 2015]). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (*id.* at 1036). Appropriate factors include "the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel" (*JK Two LLC v Garber*, 171 AD3d 496, 496 [1st Dept 2019], citing *In re Estate of Freeman*, 34 NY2d 1, 9 [1974]).

Plaintiff's application—seeking $975,620.76 in attorney's fees and costs, plus interest at the Default Rate (12.15480%), totaling $1,064,105.20—is plainly deficient. Plaintiff submits the affirmation of counsel (NYSCEF 158 ["Haims Affirm"]) and redacted invoices sent by McDermott to Plaintiff for work on this case through March 31, 2025 (NYSCEF 159). However, the affirmation only states that "[i]n my judgment, and based on my years of experience, the number of hours expended on the case and the services performed by McDermott attorneys and paraprofessionals for the benefit of Plaintiff were reasonable and necessary. In addition, I believe the billable rates for the attorneys who worked on this matter are in line with the billable rates for attorneys with similar experience at comparable firms in the New York City market" (Haims Affirm ¶12).

**651851/2023   CLNC 2019-FL1 FUNDING, LLC vs. BENNETT, WILLIAM M.**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

Plaintiff has failed to provide any basis for that conclusion. Specifically, Plaintiff failed to disclose the position of each attorney identified in each of the bills, the hourly rate of each person identified, and the description of any of the work performed by each person, and the prevailing hourly rate for similar legal work in the community, all of which is commonly included in fee applications this Court has received in other cases. Moreover, the invoices submitted by Plaintiff contain complete redactions of the "description" of work performed.[1]

Plaintiff's failure to indicate the position of each of the 25 attorneys who worked on the matter, their billing rates, the reasonableness of those rates, combined with the redactions of all descriptions of all the work performed has denied this Court (and opposing counsel) any ability to assess whether the charges are improper, cumulative, duplicative and/or unnecessary (*Gamache v Steinhaus*, 7 AD3d 525, 527 [2d Dept 2004] [finding that petitioners failed to support their application for attorney fees where they only submitted "the attorneys' own self-serving statements that they 'regularly bill' at that rate" and "the record did not establish the reasonableness of the amount of hours which were collectively expended on this proceeding by the individual attorneys"]; *Mansfield Realty, I, LLC v Mansfield LLC*, 2023 NY Slip Op 31419[U], *2 [Sup Ct, NY County 2023]) ["An attorney's affirmation that they regularly bill at a given rate, standing alone without evidence of 'customary fees charged for similar services by

---

[1] While Plaintiff submits in its "reply" letter that "McDermott has no objection to the Court conducting an ex parte and in camera review of the unredacted invoices" (NYSCEF 163), this is insufficient as Plaintiff has not demonstrated that the entirety of its descriptions are privileged or are otherwise entitled to redaction. The Court "cannot approve the attorneys' fees if the redactions entirely obscure the work performed" (*Wilmington Trust, N.A. v Elmwood NYT Owner, LLC*, 2022 NY Slip Op 31994[U], *3 [Sup Ct, NY County 2022] [Masley, J.] ["While the court acknowledges once again [counsel's] need for confidentiality, the court cannot approve the attorneys' fees if the redactions entirely obscure the work performed."]).

**651851/2023   CLNC 2019-FL1 FUNDING, LLC vs. BENNETT, WILLIAM M.**
**Motion No.  002**

**Page 3 of 5**

3 of 5

[* 3]

lawyers in the community with like experience and of comparable reputation' is insufficient to establish that rate as reasonable"]).

This supporting information is particularly important given the magnitude of the fee request in what seems to be a straightforward action to enforce a guarantee that was resolved by summary judgment a little more than a year after filing of the Complaint. While Plaintiff submits that approximately 15,000 documents were exchanged and seven depositions were taken, and that the parties engaged in mediation, the Court notes that this action had only two motions and one of those was withdrawn by Defendant (*see* NYSCEF 55). In those circumstances, Plaintiff's application for $975,620.76 (plus interest) requires, at a minimum, substantially more explanation than is provided in the submissions made thus far.

Rather than denying the fee application outright, which would prejudice Plaintiff, the Court will allow counsel an opportunity to cure the deficiencies noted above and to persuade the Court that the fee request is reasonable in the context of this case.

Accordingly, it is

**ORDERED** that Plaintiff's application for attorney's fees and costs is **DENIED without prejudice** to refiling its application in thirty (30) days with proper supporting documentation and explanation as described herein. Defendant may file opposition within fourteen (14) days thereafter. Plaintiff shall notify the Court when the application is complete.

**651851/2023 CLNC 2019-FL1 FUNDING, LLC vs. BENNETT, WILLIAM M.**
**Motion No. 002**

**Page 4 of 5**

This constitutes the decision and order of the Court.

202505151407141MCOHEN694A66A6C5714DA4B4CBF4C3C9DBEF54

5/15/2025
DATE

JOEL M. COHEN, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651851/2023   CLNC 2019-FL1 FUNDING, LLC vs. BENNETT, WILLIAM M.                    Page 5 of 5
Motion No.  002

5 of 5

[* 5]