Matter of American Tr. Ins. Co. v Scob, LLC (2025 NY Slip Op 06057)

Matter of American Tr. Ins. Co. v Scob, LLC

2025 NY Slip Op 06057

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-08898
 (Index No. 505435/23)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
SCOB, LLC, etc., appellant.

Roman Kravchenko, Melville, NY, for appellant.
Larkin Farrell LLC, New York, NY (William Larkin of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate a master arbitration award dated December 16, 2022, SCOB, LLC, appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 12, 2024. The judgment, insofar as appealed from, upon an order of the same court dated June 5, 2024, granting the motion of SCOB, LLC, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorney's fees to the extent of awarding it additional attorney's fees in the sum of $1,100, awarded SCOB, LLC, additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of only $1,100.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding against SCOB, LLC (hereinafter SCOB), pursuant to CPLR article 75, inter alia, to vacate a master arbitration award dated December 16, 2022, affirming an arbitration award entered in favor of SCOB. SCOB cross-petitioned, among other things, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorney's fees. In an order dated September 27, 2023, the Supreme Court, inter alia, upon its determination that SCOB was entitled to an award of additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4), granted SCOB leave to file a motion for a determination of the amount of additional attorney's fees to be awarded to SCOB. Thereafter, SCOB moved for an award of additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4). The petitioner opposed the motion. In an order dated June 5, 2024, the court granted the motion to the extent of awarding SCOB additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $1,100. Thereafter, the court, upon the order, issued a judgment, among other things, awarding SCOB additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $1,100. SCOB appeals.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." The recoverable attorney's fees include those related to representation in a CPLR article 75 proceeding to vacate or to confirm a master arbitration award, and in such instances, the attorney's fees "shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783).
"'The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court'" (Hershfield v Davidoff, 233 AD3d 923, 924, quoting Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036; see Hershfield v Davidoff, 233 AD3d at 924).
Contrary to SCOB's contention, the Supreme Court acted within its discretion in awarding it additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $1,100, notwithstanding SCOB's submission of an affirmation of its counsel setting forth a fee for work expended in the sum of $4,550 (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). As an initial matter, since SCOB failed to request a hearing on the issue of an award of additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4), and given the legislative intent of the no-fault insurance law "to promptly resolve no-fault reimbursements, 'reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 9, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505; see Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860), the court was not required to conduct a hearing prior to awarding the additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) (see Boddie-Willis v Marziliano, 78 AD3d 978, 979). Moreover, in fixing the fee award, the court acted within its discretion in considering, inter alia, the prevailing rate for similar work and the complexity of the matter at issue (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839-840). Under these circumstances, there is no basis to disturb the court's award of additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $1,100.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court