Matter of American Tr. Ins. Co. v YD Med. Servs., P.C. (2025 NY Slip Op 06704)

Matter of American Tr. Ins. Co. v YD Med. Servs., P.C.

2025 NY Slip Op 06704

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-03959
 (Index No. 535310/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
YD Medical Services, P.C., etc., appellant.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho (Richard) Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated September 29, 2022, YD Medical Services, P.C., appeals from a judgment of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated July 31, 2023. The judgment, insofar as appealed from, upon an order of the same court dated June 2, 2023, inter alia, granting that branch of the cross-petition of YD Medical Services, P.C., which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of an additional attorney's fee to the extent of awarding it an additional attorney's fee in the sum of $220, awarded YD Medical Services, P.C., an additional attorney's fee in the sum of only $220.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding against YD Medical Services, P.C. (hereinafter YD Medical), pursuant to CPLR article 75 to vacate a master arbitration award dated September 29, 2022, affirming an arbitration award entered in favor of YD Medical. YD Medical cross-petitioned, among other things, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of an additional attorney's fee. In an order dated June 2, 2023, the Supreme Court, inter alia, denied the petition, confirmed the arbitration award, and granted that branch of the cross-petition to the extent of awarding YD Medical an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $220. Thereafter, on July 31, 2023, the court, upon the order, issued a judgment, among other things, awarding YD Medical an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $220. YD Medical appeals.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to the limitations promulgated by the superintendent in regulations." The recoverable attorney's fees include those related to representation in a CPLR article 75 proceeding to vacate or confirm a master arbitration award, and, in such instances, "shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783).
"'The determination of what constitutes a reasonable attorney's fee is a matter within [*2]the sound discretion of the Supreme Court'" (Hershfield v Davidoff, 233 AD3d 923, 924, quoting Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036; see Hershfield v Davidoff, 233 AD3d at 924).
Contrary to the contention of YD Medical, the Supreme Court acted within its discretion in awarding YD Medical an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $220 without first conducting a hearing (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). As an initial matter, since YD Medical failed to submit an affirmation or affidavit in support of its cross-petition, inter alia, describing the nature of the work performed and the amount of time expended on the matter, it was within the court's discretion to determine a reasonable amount of an attorney's fee (see TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 682). Moreover, YD Medical failed to request a hearing on the issue of an award of an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) (see Sieratzki v Sieratzki, 8 AD3d 552, 554). Under these circumstances, and given the legislative intent of the no-fault insurance law "to promptly resolve no-fault reimbursements, 'reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 9, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505; see Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860), the court was not required to conduct a hearing prior to awarding the additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4).
YD Medical's remaining contentions are either academic or without merit.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court