Matter of American Tr. Ins. Co. v Stand Up MRI of Manhattan (2026 NY Slip Op 01353)

Matter of American Tr. Ins. Co. v Stand Up MRI of Manhattan

2026 NY Slip Op 01353

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-12129
 (Index No. 533109/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vStand Up MRI of Manhattan, etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated September 2, 2022, Stand Up MRI of Manhattan appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), entered November 17, 2023. The judgment, insofar as appealed from, in effect, granted that branch of the cross-petition of Stand Up MRI of Manhattan which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) to the extent of awarding the sum of only $300.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner, an insurer, commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award confirming an arbitration award in favor of Stand Up MRI of Manhattan (hereinafter Stand Up), a medical provider. Stand Up filed a cross-petition to confirm the master arbitration award and for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) for services rendered in this proceeding. In an judgment entered November 17, 2023, the Supreme Court, inter alia, denied the petition, granted that branch of the cross-petition which was to confirm the master arbitration award, and, in effect, granted that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) to the extent of awarding the sum of $300. Stand Up appeals from so much of the judgment as, in effect, granted that branch of the cross-petition which was for an award of an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) to the extent of awarding the sum of only $300.
Pursuant to Insurance Law § 5106(a), if a valid claim or a portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." As applicable here, the superintendent's regulations provide that "[t]he attorney's fee for services rendered . . . in a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]). The term "court appeal" includes a proceeding, such as here, pursuant to CPLR article 75 to vacate or confirm a master arbitration award (see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 782-783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705).
"'The determination of what constitutes a reasonable attorney's fee is a matter within [*2]the sound discretion of the Supreme Court'" (Hershfield v Davidoff, 233 AD3d 923, 924, quoting Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036).
Contrary to Stand Up's contention, the Supreme Court did not err or improvidently exercise its discretion in awarding Stand Up an attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $300 without first conducting a hearing (see Matter of American Tr. Ins. Co. v Integrated Medicine of S.I., P.C., 244 AD3d 724, 725; Matter of American Tr. Ins. Co. v Bay Ridge Surgi-Center, LLC, 243 AD3d 558, 560). As an initial matter, since Stand Up failed to submit an affirmation or affidavit in support of its cross-petition, inter alia, describing the nature of the work performed and the amount of time expended on the matter, it was within the court's discretion to determine a reasonable amount of an attorney's fee (see Matter of American Tr. Ins. Co. v Integrated Medicine of S.I., P.C., 244 AD3d at 725). Moreover, Stand Up failed to request a hearing on the issue of an award of an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4) (see Matter of American Tr. Ins. Co. v Integrated Medicine of S.I., P.C., 244 AD3d at 725; Matter of American Tr. Ins. Co. v Bay Ridge Surgi-Center, LLC, 243 AD3d at 560). Under these circumstances, and given the legislative intent of the no-fault insurance law "to promptly resolve no-fault reimbursements, 'reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 9, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505), the court was not required to conduct a hearing prior to awarding an additional attorney's fee pursuant to 11 NYCRR 65-4.10(j)(4).
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court